# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| THE CITADEL ELIZABETH CITY LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00194-MR |
| THE CITADEL AT MYERS PARK LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. :23-cv-00197-MR |
| THE CITADEL AT WINSTON SALEM LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. :23-cv-00198-MR |

COUNTRYSIDE CENTER FOR
REHABILITATION LLC,

    Plaintiff,

    v.      Case No. 1:23-cv-00199-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

    Defendants.

FAIR OAKS HEALTH AND
REHABILITATION LLC,

    Plaintiff,

    v.      Case No. 1:23-cv-00200-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

    Defendants.

PELICAN HEALTH AT
ASHEVILLE LLC,

    Plaintiff,

    v.      Case No. 1:23-cv-00201-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

    Defendants.

2

PELICAN HEALTH AT
CHARLOTTE LLC,

          Plaintiff,

v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

          Defendants.

Case No. 1:23-cv-00202-MR

---

PELICAN HEALTH AT
NORFOLK,

          Plaintiff,

v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

          Defendants.

Case No. 1:23-cv-00203-MR

---

PELICAN HEALTH AT
RUTHERFORDTON LLC,

          Plaintiff,

v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

          Defendants.

Case No. 1:23-cv-00204-MR

3

|  | ) |
| --- | --- |
| RUSSELLVILLE KY OPCO LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 1:23-cv-00205-MR

## DEFENDANTS' ANSWER

Defendants United States Small Business Administration ("SBA"), Isabella Casillas Guzman, in her official capacity as Administrator of the SBA, Janet Yellen, in her official capacity as Secretary of the Treasury of the United States, and the United States of America (collectively, "Defendants"), respectfully submit the following consolidated answer to the individual complaints filed in the above-captioned actions (collectively, the "Complaints"). The Complaints' allegations are identical except for details such as the names and locations of the respective Plaintiffs, dates pertaining to the Plaintiffs' applications for and receipt of the Paycheck Protection Program ("PPP") loans at issue in each case, the loan numbers and amounts, the names of Plaintiffs' lenders, dates pertaining to the Plaintiffs' applications for loan forgiveness, and dates pertaining to the Plaintiffs' appeals with SBA's Office of Hearings and Appeals. Accordingly, the affirmative defenses and the responses given in the numbered paragraphs below apply equally to each of the Complaints and their correspondingly numbered paragraphs.

4

## FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND DEFENSE

The relief Plaintiffs seek is barred by sovereign immunity.

Defendants answer below the numbered paragraphs of the Complaints:

1.     Paragraph 1 of the Complaints constitutes Plaintiffs' characterization of these actions, to which no response is required.

2-3.     Paragraphs 2 and 3 constitute Plaintiffs' characterization of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"), to which the Court is respectfully referred for a full and accurate statement of its contents.

4-5.     Paragraphs 4 and 5 constitute Plaintiffs' characterization of the PPP, CARES Act §§ 1102, codified at 15 U.S.C. § 636(a)(36) and (37), to which the Court is respectfully referred for full and accurate statements of their contents.

6.     Paragraph 6 constitutes Plaintiffs' characterization of CARES Act § 1106 and SBA, Business Loan Program Temporary Changes; Paycheck Protection Program, Interim Final Rule, 85 Fed. Reg. 20,811 (Apr. 15, 2020), to both of which the Court is respectfully referred for full and accurate statements of their contents.

7.     Paragraph 7 constitutes Plaintiffs' characterizations of the Paycheck Protection Program and Health Care Enhancement Act, Pub. L. No. 116-139, 134 Stat. 620 (2020); the Paycheck Protection Program Flexibility Act, Pub. L. No. 116–142, 134 Stat. 641 (2020); Pub. L. No. 116-147, 134 Stat. 660 (2020); and the Consolidated Appropriations Act, 2021 ("CAA 2021"), Pub. L. No. 116-260,

Div. N, Title III, 134 Stat. 1182, 1993 (2020) (Division N also referred to as the "Economic Aid Act"), to all of which the Court is respectfully referred for full and accurate statements of their contents.

8.      Paragraph 8 constitutes Plaintiffs' characterization of the CARES Act, to which the Court is respectfully referred for a full and accurate statement of its contents.

9-10.   Paragraphs 9-10 constitute Plaintiffs' characterizations of the four pieces of legislation referred to in paragraph 7, to all of which the Court is respectfully referred for full and accurate statements of their contents.

11-13.  Paragraphs 11-13 constitute Plaintiffs' characterization of SBA, Business Loan Program Temporary Changes; Paycheck Protection Program-Requirements-Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, Interim Final Rule, 85 Fed. Reg. 26,324 (May 4, 2020) (the "Corporate Group Rule"), to which the Court is respectfully referred for a full and accurate statement of its contents.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Paragraph 17 constitutes Plaintiffs' characterization of SBA's decisions denying Plaintiffs' applications for forgiveness of their PPP loans, to which the Court is respectfully referred for a full and accurate statement of their contents.

18.     Admit.

19.     Admit.

20.     Paragraph 20 constitutes Plaintiffs' characterization of their appeal petitions filed with SBA's Office of Hearings and Appeals ("OHA"), seeking review of SBA's decisions denying their applications for loan forgiveness.  The Court is respectfully referred to Plaintiffs' petitions for a full and accurate statement of their contents.

21.     Admit, except to note that the motion to consolidate the OHA appeals of the ten Plaintiffs in the above-captioned cases was filed on December 23, 2022, not December 22.  The motion to consolidate the OHA appeals of the other 38 companies in Plaintiffs' corporate group seeking review of SBA's loan-forgiveness decisions were filed on December 22, 2022.

22.     Admit.

23.     Paragraph 23 constitutes Plaintiffs' characterization of SBA's response to Plaintiffs' appeal petitions, as submitted to the OHA Administrative Law Judge before whom Plaintiffs' appeals had been consolidated.  SBA's response is a matter of record to which the Court is respectfully referred to for a full and accurate statement of its contents.

24-31.     Paragraphs 24-31 constitute Plaintiffs' characterization of the decision by the OHA Administrative Law Judge affirming SBA's decisions denying Plaintiffs' applications for loan forgiveness, which is a matter of record and to which the Court is respectfully referred for a full and accurate statement of its contents.

32.     Defendants lack sufficient information and knowledge, and Plaintiffs' use of the phrase "separate and distinct" is too vague and ambiguous, for Defendants to form a belief as to the truth or falsity of paragraph 32.

33.    Admit that the administrative record of these matters before SBA contains no information suggesting that Plaintiffs themselves are holding or parent companies.  Otherwise, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of paragraph 33.

34.    Paragraph 34 states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

35.    As to paragraph 35, admit that the administrative record of these matters before SBA reflects that Simcha Hyman and Naftali Zanziper each holds a 50-percent membership interest in each of the ten Plaintiff companies in the above-captioned actions, as well as 38 other companies to which SBA also denied loan forgiveness based on the Corporate Group Rule, referenced above.  Otherwise, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of paragraph 35.

36.    Paragraph 36 states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

37.    As to paragraph 37, admit that the administrative record of these matters before SBA reflects that Simcha Hyman and Naftali Zanziper each holds a 50-percent membership interest in each of the ten Plaintiff companies in the above-captioned actions, as well as 38 other companies to which SBA also denied loan forgiveness based on the Corporate Group Rule, referenced above.  Admit also that the EINs listed for the Plaintiffs and the other 38 companies are consistent with

8

SBA's records, except to note that the EIN listed for Plaintiff Accordius Health at Midwood does not match SBA's records.

38.     Paragraph 38 states conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied.

39.     Admit that the administrative record of these matters before SBA contains no information suggesting that Plaintiffs have been owned at any time by a corporation.  Otherwise, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that none of the Plaintiffs "was owned at any time by a corporation."  Paragraph 39 otherwise states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

40.     Admit that Plaintiffs' lenders recommended approval of Plaintiffs' applications for loan forgiveness.  Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that Plaintiffs' lenders reviewed "information relating to the 'common parent' issue[.]"

41.     Admit that the information contained in paragraph 37, as to each individual Plaintiff, should have been contained in the PPP loan application submitted by each Plaintiff to its lender, with the exception of the erroneous EIN for Plaintiff Accordius Health at Midwood, as noted above.

42.     Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegation in paragraph 42.

43.     Admit that Plaintiffs filed their OHA appeals from SBA's loan-forgiveness decisions on December 7, 2022.  However, Defendants lack sufficient

information and knowledge to form a belief as to the truth or falsity of the allegation in paragraph 43 that Plaintiffs' appeals were timely, because they lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegation in paragraph 42 regarding the dates on which Plaintiffs received copies of SBA's decisions from their lenders.

44. Admit.

45. Admit.

46. Admit.

47. Deny that Plaintiffs Pelican Health at Asheville; Pelican Health at Charlotte; Pelican Health at Norfolk; Pelican Health at Rutherfordton; Russellville KY Opco; The Citadel at Myers Park; and The Citadel at Winston Salem, are currently repaying their PPP loans. Otherwise, admit that the remaining Plaintiffs in the above-captioned cases are currently repaying their loans.

48. Admit that the address given for each Plaintiff in paragraph 48 of the Complaints is consistent with the address given in each Plaintiff's PPP loan application, with the exceptions of Pelican Health at Asheville; Pelican Health at Norfolk; Pelican Health at Rutherfordton; and Russellville KY Opco. The address given in the applications submitted by each of those Plaintiffs is 440 Sylvan Avenue, Suite 240, Englewood Cliffs NJ 07632. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph.

49. As to paragraph 49, admit that Defendant SBA is an independent Federal agency created by section 4(a) of the Small Business Act of 1958, Pub. L. No. 85-536, 72 Stat. 384 (1958), codified at 15 U.S.C. § 633(a). Admit that the

CARES Act assigns responsibility for administration of the PPP to SBA, although the Act delegates authority to authorized lenders to make and approve individual PPP loans, which are then guaranteed by SBA. 15 U.S.C. § 636(a)(36)(F)(ii)(I), (iii).

50. Admit.

51. Paragraph 51 states a conclusion of law to which no response is required.

52. Admit.

53. Paragraph 53 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, deny that Secretary Yellen is a proper Defendant to this case.

54. Paragraph 54 states a conclusion of law to which no response is required.

55. Admit.

56. Paragraph 56 constitutes Plaintiffs' characterization of these actions, to which no response is required.

57. Paragraph 57 states a conclusion of law to which no response is required.

58. Paragraph 58 states a conclusion of law to which no response is required.

59. The first sentence of paragraph 59 constitutes Plaintiffs' characterization of the CARES Act, to which the Court is respectfully referred for a full and accurate statement of its contents. The second sentence states a conclusion

of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

60. Admit.

61-68. Paragraphs 61-68 state conclusions of law to which no response is required.

69. Defendants incorporate by reference their responses to paragraphs 1-68 of the Complaints, as if fully set forth herein.

70-71. Paragraphs 70-71 state conclusions of law to which no response is required.

72. Paragraph 72 states conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied.

73-74. Paragraphs 73 and 74 constitute Plaintiffs' characterizations of the CARES Act, to which the Court is respectfully referred for a complete and accurate statement of its contents.

75. Paragraph 75 constitutes Plaintiffs' characterizations of the Corporate Group Rule, the CARES Act, and the Economic Aid Act, to all of which the Court is respectfully referred for complete and accurate statements of their contents.

76. Paragraph 76 constitutes Plaintiffs' characterization of the Corporate Group Rule, to which the Court is respectfully referred for a complete and accurate statement of its contents.

77-78. Paragraphs 77 and 78 state conclusions of law to which no response is required.

79. The allegation that Defendants have violated the Administrative Procedure Act in implementing the Corporate Group Rule states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied. Otherwise, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of paragraph 79.

80. Paragraph 80 states a conclusion of law to which no response is required.

81. Defendants incorporate by reference their responses to paragraphs 1-80 of the Complaints, as if fully set forth herein.

82-83. Paragraphs 82 and 83 state conclusions of law to which no response is required.

84. Admit that SBA did not follow the APA's notice-and-comment rulemaking procedures when it issued the Corporate Group Rule, *see* 5 U.S.C. § 553(b), in accordance with the superseding provisions of 15 U.S.C. § 9012.

85. Paragraph 85 states a conclusion of law to which no response is required.

86. Defendants incorporate by reference their responses to paragraphs 1-85 of the Complaints, as if fully set forth herein.

87. Admit that the Corporate Group Rule was the basis on which SBA relied in denying Plaintiffs' requests for loan forgiveness, but Defendants observe further that other grounds may exist on which to deny some or all of Plaintiffs' loan-forgiveness applications, either in whole or in part.

13

88.     Paragraph 88 constitutes Plaintiffs' characterization of the decision by the OHA Administrative Law Judge denying Plaintiffs' appeal petition.  The decision issued by the OHA Administrative Law Judge is a matter of record, to which the Court is respectfully referred for a full and accurate statement of its contents.

89.     Paragraph 89 states a conclusion of law, to which no response is required, but to the extent a response is deemed necessary, it is denied.

90-91. Paragraphs 90 and 91 constitute Plaintiffs' characterization of the Corporate Group Rule, to which the Court is respectfully referred for a full and accurate statement of its contents.

92-93. Paragraphs 92 and 93 state conclusions of law, to which no response is required.

94.     Paragraph 94 constitutes Plaintiffs' characterizations of the Corporate Group Rule, SBA's response to Plaintiffs' appeal petitions and the decision issued by the OHA Administrative Law Judge, to all of which the Court is respectfully referred for full and accurate statements of their contents.

95-98. Paragraphs 95-98 (including ¶ 97 n.2) state conclusions of law, to which no response is required.

99.     Paragraph 99 states a conclusion of law, to which no response is required, but to the extent a response is deemed necessary, it is denied.

100-101. Paragraphs 100 and 101 constitute Plaintiffs' characterization of the Corporate Group Rule, to which the Court is respectfully referred for a full and accurate statement of its contents.

102.   Paragraph 102 constitutes contra-factual speculation and argument, to which no response is required.

103.   Paragraph 103 constitutes Plaintiffs' characterization of the Corporate Group Rule and 13 C.F.R. § 121.103, to both of which the Court is respectfully referred for full and accurate statements of their contents.

104.   Paragraph 104 constitutes Plaintiffs' characterization of 13 C.F.R. § 121.301, to which the Court is respectfully referred for a full and accurate statement of its contents.

105.   Paragraph 105 constitutes Plaintiffs' characterization of the Corporate Group Rule—to which the Court is respectfully referred for a full and accurate statement of its contents—and legal argument to which no response is required.

106-108. Paragraphs 106-108 state conclusions of law, to which no response is required.

109.   Paragraph 109 states conclusions of law, to which no response is required, but to the extent a response is deemed necessary, they are denied.

110.   Defendants incorporate by reference their responses to paragraphs 1-109 of the Complaints, as if fully set forth herein.

111-112. Paragraphs 111 and 112 state conclusions of law, to which no response is required, but to the extent a response is deemed necessary, they are denied.

The remainder of the Complaints constitutes a prayer for relief, to which no response is required. Defendants deny, however, that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever.

Defendants specifically deny any and all allegations of the Complaints not otherwise answered herein.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiffs' claims against them be dismissed, with prejudice, and that the Court award Defendants such other and further relief as this Court may deem just and proper.

Respectfully submitted this the 30th day of October, 2023.

DENA J. KING
UNITED STATES ATTORNEY

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

JOHN R. GRIFFITHS
Director

s/Gill P. Beck
GILL P. BECK
ASSISTANT UNITED STATES
ATTORNEY
CHIEF, CIVIL DIVISION
N.C. Bar No. 13175

Room 233, US Courthouse
100 Otis Street
Asheville, NC 28801
Phone: 828-271-4661
Fax: 828-271-4327
E-Mail: gill.beck@usdoj.gov

s/James J. Gilligan
JAMES J. GILLIGAN, T.A. (DC #422152)
INDRANEEL SUR (DC #978017)

ATTORNEYS
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, D.C. 20044

E-mail: james.gilligan@usdoj.gov
Telephone: (202) 514-3358
Fax: (202) 616-8470
Counsel for Defendants

16